Municipio de Caguas, Demandante y Apelado *v.* Quiñones, et al., Demandados, y Hernández, Apelante.

Apelación procedente de la Corte de Distrito de Humacao, en pleito sobre expropiación forzosa.

No. 1516.—Resuelto en marzo 27, 1917.

Eliminación de Alegaciones—Conclusiones de Derecho—Mayores de Edad—Error no Perjudicial.—No constituye error perjudicial en este caso el hecho de que la corte se negara a eliminar de la demanda cierta alegación porque contenga una conclusión de derecho al exponerse que los demandados son mayores de edad.

Expropiación Forzosa—Eliminación de Alegaciones—Alegación de que el Terreno Había Sido Segregado de Otra Finca.—La mención que en la demanda del presente caso se hace de que el terreno perteneciente al demandado apelante había sido segregado de otra finca del principal demandado, no está sujeta a una moción de eliminación, ni con su negativa se cometió error alguno, sino más bien a una excepción previa de indebida acumulación de partes demandadas.

Id.—Partes Debidas o Necesarias—Excepción Previa de Indebida Acumulación de Partes—Esposa de uno de los Demandados como Parte.—El

hecho de que en una acción de expropiación forzosa en que hay varios demandados se haga parte a la esposa de uno de ellos, no causa perjuicio a las demás partes debidas o necesarias, por lo que no procede la excepción previa de indebida acumulación de partes demandadas.

ID.—DEMANDA SUFICIENTE—DECLARACIÓN DE UTILIDAD PÚBLICA.—Es suficientemente clara y expresa una causa de acción una demanda de expropiación forzosa en que se alega que la obra es de utilidad pública; en que se describe la finca así como la parcela que de ella se segrega y en que consta el ofrecimiento de pago a los demandados y la negativa de éstos a aceptarlo. La declaración del Consejo Ejecutivo en cuanto a la utilidad pública de la obra, por lo general es concluyente a falta de clara constancia en sentido contrario.

ID.—OFRECIMIENTO DE PAGO.—Se cumple de modo suficiente con el artículo 4°. de la Ley de marzo 12, 1908, a los efectos de la prueba del ofrecimiento de pago, con la manifestación del alcalde de que se hizo tal ofrecimiento al abogado que representó constantemente a los demandados ante el Consejo Ejecutivo en la declaración de utilidad y también ante las cortes.

ID.—CITACIÓN PARA COMPARECER ANTE EL CONSEJO EJECUTIVO—COMPARECENCIA VOLUNTARIA.—No constituye error fundamental o principal el hecho de que el propietario de un terreno declarado de utilidad pública no hubiera sido citado para comparecer ante el Consejo Ejecutivo, cuando él, sin embargo, compareció voluntariamente.

ID.—VALOR DEL TERRENO EXPROPIADO.—Una corte no está obligada a declarar probado en un procedimiento de expropiación forzosa que el precio pagado por un comprador al hacer la adquisición del terreno expropiado era el verdadero valor o que el precio convenido en la escritura fué el verdadero precio satisfecho, ni cuál era el valor del terreno a la fecha de la expropiación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael Arce.*

Abogado del apelado: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El Municipio de Caguas acordó dotar a la ciudad de un sistema de alcantarillado y al mismo tiempo, o quizás un poco antes de obtener la declaración de utilidad pública del Consejo Ejecutivo entró en negociaciones para adquirir cierta parcela de terreno propiedad de Nicolás Quiñones Cabezudo. Mientras estaban pendientes estas negociaciones y antes de la declaración de utilidad pública, Quiñones Cabezudo vendió dos lotes de dichos terrenos, uno al apelante Felipe Hernández y el otro a Domingo Lasa. Quiñones Cabezudo era el único de los tres dueños que fué citado formalmente para comparecer ante el Consejo Ejecutivo, pero los tres compa-

recieron ante aquel organismo y estuvieron representados todos debidamente por el mismo abogado. Actuaban al parecer conjuntamente.

Iniciado un procedimiento judicial para la expropiación del terreno en cuestión fué dictada sentencia contra los tres demandados que se mencionan en la demanda. La corte concedió a Nicolás Quiñones Cabezudo la suma de $1,500, valor de su terreno, al apelante Felipe Hernández, $200, como valor del suyo, a Domingo Lasa, $300, también valor de su terreno y a Nicolás Quiñones la suma de $1,800 en concepto de daños y perjuicios. No sabemos si los demás demandados estuvieron satisfechos o no con el dictamen de la corte, pero es lógico suponer que así fuera y al discutir los varios errores alegados por el apelante, no haremos más que mencionar aquellos que no le perjudicaron.

La negativa de la corte a eliminar cierta alegación de la demanda basada en que ésta contenía una conclusión de derecho al describirse a los demandados como mayores de edad claramente que no era perjudicial. La mención que se hace en la demanda de que el terreno perteneciente al apelante había sido segregado de otra finca que pertenecía al principal demandado no estaba sujeta a una moción de eliminación, ni con ella se cometió error alguno. La idea del apelante, si de algo le servía, hubiera podido llevarla a efecto más debidamente mediante excepción previa, basándose en la indebida acumulación de partes demandadas.

Fué formulada una excepción previa fundada en indebida acumulación de partes demandadas, pero en el alegato del apelante el fundamento alegado fué que la esposa de Quiñones Cabezudo había sido hecha parte demandada. No era posible que esto hubiera perjudicado al apelante. Y en cuanto a que fueron incluídos los otros dos demandados, éstos eran debidas partes, si no necesarias.

Creemos que la demanda fué suficientemente clara y expresaba una causa de acción. En ella se alegaba una declaración de utilidad pública referente a un sistema de alcanta-

rillado, obtenida por el Municipio de Caguas. La propiedad fué minuciosamente descrita así como la parcela segregada de toda la finca a favor del apelante. En la demanda se alegó que se hizo el ofrecimiento de pago a todos los demandados como también la negativa de éstos a aceptarlo. Hubo alegación suficiente de que la obra era de necesidad pública. La declaración del Consejo Ejecutivo sobre el particular por lo general es concluyente a falta de clara constancia en sentido contrario.

Otros errores fueron alegados respecto a la admisión de ciertos planos. No podemos ver el perjuicio y los planos fueron al parecer los usados por los ingenieros al hacer el estudio del propuesto sistema de alcantarillado.

Alega el apelante que no hubo prueba de habérsele hecho el ofrecimiento de pago. La corte inferior declaró probado que fué hecho dicho ofrecimiento, basándose principalmente en la manifestación del alcalde de que se hizo el ofrecimiento de pago al abogado Arce que representó constantemente a los tres demandados ante el Concejo Ejecutivo así como después. Creemos que se cumplió de modo suficiente con el artículo 4 de la ley de marzo 12, 1908, el cual dispone lo siguiente:

"Hecha la declaración de utilidad pública de una obra, si los dueños de la propiedad que haya de ser expropiada no se aviniesen por cualquier motivo a consentir la expropiación o expropiaciones que aquélla requiera, determinará ello una causa de acción en favor del que haya de realizar dicha obra, y podrá éste ejercitarla contra los mencionados propietarios.   *   *   *"

En eu caso de *Fajardo Development Co.* v. *Zalduondo*, 20 D. P. R. 253, interpretamos este artículo en el sentido de que las partes estarían impedidas por sus actos de poder alegar la cuestión relativa a la omisión en hacerse una oferta de pago específica y esto es lo que se infiere del texto mismo del artículo. En este caso los demandados actuaban juntos y todos, conjuntamente, se opusieron a la expropiación. De un examen de los autos se verá que las partes tuvieron generalmente presente la finca en su totalidad tal como se encontraba

antes de hacerse la segregación. Mencionamos esto en adición al hecho de que la corte al parecer estimó probado que se había hecho un ofrecimiento de pago a los demandados.

Otro señalamiento de error se refería al peso que dió la corte inferior a la prueba, alegando el apelante que su terreno fué comprendido indebida e innecesariamente en la expropiación. Parte de la discusión hecha por el apelante sobre este señalamiento de error hace referencia a la falta del debido procedimiento al no haber sido citado debidamente el apelante para comparecer ante el Consejo. Sin embargo, él compareció voluntariamente. Además, esta forma de objeción no ha sido incluída en el señalamiento de error. No fué promovida debidamente en esta corte y no era fundamental o perjudicial. El hecho de que otros terrenos hayan podido ser mejores, o más baratos que el del apelante, no es una razón suficiente para anular una conclusión de la corte cuando han sido adjudicados terrenos colindantes de mayor cabida en el mismo procedimiento, y después de haber declarado el alcalde y los ingenieros de la ciudad que la dicha faja de terreno era la más conveniente por estar en una parte de Caguas que no es precisamente el sitio más apropiado para la urbanización. Hubo en general algún conflicto y no vemos razón por la cual deba intervenirse con la conclusión hecha por la corte.

Semejantes consideraciones son de aplicación a la suma adjudicada lo cual es probablemente la base sobre que gira esta apelación. La corte inferior no estaba obligada a declarar probado que el precio pagado por el apelante al hacerse la compra era el verdadero valor, o que el precio convenido en la escritura fué el verdadero precio satisfecho, o el valor del terreno a la fecha de la expropiación. Y no vemos más perjuicio que la pérdida del terreno.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.